**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| In Re: | Case No.  09-50922 |
| Byron Jessup | Chapter 7 |
| Wanda Jessup | |
| | Judge William S. Howard |
| Debtors | |
| | |
| J. James Rogan, Trustee | PLAINTIFF |
| | |
| v. | |
| | **ADV. NO. 09-5229** |
| CitiMortgage, Inc. | |
| | |
| Mortgage Electronic Registration Systems, Inc. (MERS), | |
| *solely as nominee for Homeland Capital Mortgage* | DEFENDANTS |

<u>ANSWER OF DEFENDANTS CITIMORTGAGE, INC. AND
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE
TO PLAINTIFF'S COMPLAINT (#1)</u>

Now come Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital Mortgage [its successors and assigns]*, through counsel, and submit the following Answer to Plaintiff's Complaint.

## FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2. Defendants admit the allegations in paragraphs 1, 2, and 3.

3. Defendants deny the allegations in paragraph 4 for want of knowledge or information sufficient to form a belief as to the truth thereof.

4. Defendants deny the allegations in paragraph 5, except that Defendants admit that on February 23, 2007, Byron Jessup and Wanda Jessup ["Debtors"] executed a $252,000 Note to Homeland Capital Mortgage; to secure the Note, Debtors granted a Mortgage to Homeland Capital Mortgage on their real property; and that the Mortgage identified the mortgagee as MERS, Inc., solely as nominee for Homeland Capital Mortgage, its successors and assigns.

5. Defendants admit the allegations in paragraph 6.

6. Defendants deny the allegations in paragraph 7, except that Defendants admit that Debtors granted a Mortgage to Homeland Capital Mortgage on their property located at 2420 Parterre Place, Lexington, KY as set forth in the legal description and conveyed to Debtors by deed recorded in Book 1409, Page 15 of the Fayette County Clerk's office.

7. Defendants admit the allegations in paragraph 8, except that the mortgage was filed on March 15, 2007, not February 23, 2007.

8. Defendants admit the allegations in paragraph 9.

9. Defendants admit the allegations in paragraph 10 insofar as an Assignment of Mortgage was filed of record on February 12, 2008 in Book 457, Page 305 of the Fayette County Clerk's Office. Defendants admit the allegations insofar as the language in the Assignment is as quoted in Paragraph 10 and that a copy of the Assignment is attached to the Complaint. Defendants further admit that the mortgage was assigned to CitiMortgage, Inc.

10. Defendants admit the allegations in paragraph 11 assuming that "main case" refers to Debtors' Chapter 7 Case No. 09-50922.

11. Defendants incorporate by reference their responses to Paragraphs 1 through 12 of the Complaint.

12. Defendants deny the allegations in paragraphs 13, 14, and 15.

13. Defendants admit the allegations in paragraph 16 and further state that the Note was physically transferred and assigned from Homeland Capital Mortgage to CitiMortgage, Inc. and not to MERS.

14. Defendants deny the allegations in paragraph 17.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by the doctrines of waiver, estoppel and release.

2. Plaintiff's claims are barred by the doctrine of laches.

3. Plaintiff's claims are barred by the applicable statutes of limitations or jurisdictional requirements.

4. 11 USC § 541, 11 USC § 544 and 11 USC §550 do not support Plaintiff's claims for reasons including but not limited to, the mortgage is not property of debtors' estate, an assignment of mortgage is not an avoidable transfer of interest in Debtor's property and Plaintiff had actual or constructive knowledge of CitiMortgage's lien.

5. CitiMortgage, Inc. is the beneficial owner and holder of the Note and Mortgage entitled to enforce the Note and Mortgage pursuant to K.R.S. § 355.3- 202 et seq.

6. Defendants reserve the right to assert additional defenses and claims that may be revealed by discovery or otherwise in this action.

**WHEREFORE,** Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital Mortgage [its successors and assigns]*, pray that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs and for such other relief as is just and equitable.

Respectfully submitted,

  /s/  Pamela S. Petas
Pamela S. Petas (84647)
Manley Deas Kochalski PLLC
P.O. Box 42728
Cincinnati, OH  45242
Phone & Fax (513) 618-6234
psp@mdk-llc.com
Attorney for Defendants
CitiMortgage, Inc. and Mortgage
Electronic Registration Systems, Inc.
(MERS), solely as nominee for
Homeland Capital Mortgage [its
successors and assigns]

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Answer was sent to the following via ECF/CM or by regular U.S. mail, postage prepaid on October 23, 2009:

J. James Rogan, PSC
Attorney for J. James Rogan, Trustee
345 South Fourth Street
Danville, KY  40422
jattorney@bellsouth.net

John M. Simms
Attorney for Debtors
1608 Harrodsburg Rd.
Lexington, KY  40504
jsm@ask-law.com

John L. Daugherty
Assistant U.S. Trustee
100 East Vine Street
Lexington, KY 40507

The below listed parties were served via regular U.S. Mail postage prepaid on October 23, 2009:

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
345 Bob O Linky Dr.
Lexington, KY  40503

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
2420 Parterre Place
Lexington, KY  40504

                    __/s/_ Pamela S. Petas_____
                    Pamela S. Petas (84647)