**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

In Re:                                                    Case No.  09-50922

Byron Jessup                                        Chapter 7
Wanda Jessup
                                                          Judge William S. Howard

                    Debtors


J. James Rogan, Trustee                              PLAINTIFF


v.

                                                          **ADV. NO. 09-5229**

CitiMortgage, Inc.

Mortgage Electronic Registration Systems, Inc. (MERS),
*solely as nominee for Homeland Capital Mortgage*          DEFENDANTS



**AMENDED MOTION FOR SUMMARY JUDGMENT ON COMPLAINT (#1) OF**
**DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR**
**HOMELAND CAPITAL MORTGAGE**


Now come Defendants CitiMortgage, Inc. and Mortgage Electronic

Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital*

*Mortgage [its successors and assigns]*, pursuant to F.R. Civ. P. 56 and F.R.

Bank. P. 7056, and hereby file this Amended Motion for Summary Judgment.

This Amended Motion for Summary Judgment is being filed to correct three typographical errors on pages 2, 7 and 10 of Defendants' Motion for Summary Judgment filed with this Court on December 21, 2009 as Document #13.

Defendants move this Court to grant summary judgment on the Adversary Complaint in their favor on the grounds that there is no genuine issue of material fact, and Defendants are entitled to summary judgment as a matter of law. Defendants submit the following Memorandum and attached Affidavit in support of this Motion.

Respectfully submitted,


__/s/ Pamela S. Petas_____
Pamela S. Petas (84647)
Manley Deas Kochalski PLLC
P.O. Box 42728
Cincinnati, OH 45242
Phone & Fax (513) 618-6234
psp@mdk-llc.com
Attorney for Defendants
CitiMortgage, Inc. and Mortgage
Electronic Registration Systems, Inc.
(MERS), solely as nominee for
Homeland Capital Mortgage [its
successors and assigns]

## I.  Statement of Facts

On February 23, 2007, Byron Lee Jessup and Wanda F. Jessup ["Debtors"] executed a Note and Mortgage in favor of Homeland Capital Mortgage an Indiana Corporation ["Homeland"]. *Attached Exhibit A, Affidavit of Eric Rose ["Affid."], para. 2, Exhibit A-1; Exhibit B attached,* The Mortgage was filed with the Fayette County Clerk on March 15, 2007 on Debtors' real property at 2420 Parterre Place, Lexington, KY. *Exhibit B, Complaint, para. 8.* The Note contains

a blank indorsement executed by Homeland Capital.  *Affid. para. 3, Exhibit A, Complaint para. 9.*  The Mortgage identifies Homeland as the Lender. *Exhibit B.* The Mortgage identifies the Mortgagee as Mortgage Electronic Registration Systems, Inc. "solely as a nominee for Lender and Lender's successors and assigns." ["MERS"]  *Exhibit B.*

The Mortgage provides that it "secures to Lender" repayment of the loan *** the performance of Borrower's covenants and agreements under this Security Instrument and the Note."  *Id.* It further states that "[f]or this purpose, Borrower does hereby mortgage, grant and convey [the property] to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale ***.  *Id. Exhibit B, p. 3.*  The Uniform Covenants of the Mortgage are identified as between "Borrower and Lender".  *Id.* The Mortgage further refers to "Lender's Interest in the Property and Rights Under this Security Agreement."  *Id. Exhibit B, p. 7.*  The Mortgage defines "Interest in the Property" as "any legal or beneficial interest in the property *** ". *Id. Exhibit B, p. 10.*

On February 23, 2007, the Note and Mortgage were transferred and the Mortgage was assigned to Defendant CitiMortgage, Inc. ["CitiMortgage"].   On February 23, 2007, the original Note with blank endorsement was transferred to CitiMortgage.  *Custodian's Affidavit, para. 2, Exhibit A-1.*  CitiMortgage has custody and physical possession of the original Note. *Affidavit, para. 3, Exhibit A-1.*  On January 28, 2008, MERS, solely as nominee, through its authorized signatory, executed an Assignment of Mortgage to CitiMortgage.   The

Assignment was filed with the Fayette County Clerk on February 12, 2008. *Exhibit C attached; Complaint, Exhibit 2.*

## II. <u>Procedural Background</u>

### A. Chapter 7

On March 27, 2009, Debtors filed their Chapter 7 Petition as Case No. 09-50922 and scheduled CitiMortgage as a secured creditor with a lien on the subject property. [Chapter 7, Doc. #1]. Debtors included a Statement of Intention to surrender the subject property. On June 8, 2009, CitiMortgage filed a Proof of Claim listing the amount of its secured claim as $250,947.52. [Chapter 7, Claim 1-1] On June 26, 2009, CitiMortgage filed a Motion for Relief from Stay and Abandonment in order to enforce its lien against the subject property on the grounds that Debtors had no equity in the property and intended to surrender it and the property was not necessary to an effective organization. [Chapter 7, Doc. #13]. On July 6, 2009, Plaintiff/Trustee filed an Objection to CitiMortgage's Motion for Relief from stay in order to have "time to investigate the circumstances of the perfection of the mortgage *** the transfer of the note attached to the proof of claim of CitiMortgage." [Chapter 7, Doc. #14]. On July 23, 2009, this Court entered an Agreed Order in which the parties agreed that the Trustee's objection should be resolved through an Adversary Proceeding. [Chap. 7, Doc. #18]. On August 6, 2009, Debtors' personal liability on the mortgage loan was discharged. [Chapter 7, Doc. # 21]

### B. Adversary

On September 21, 2009, Plaintiff/Trustee ["Trustee"] filed a Complaint to Determine Validity, Extent and Priority of Liens and for Sale of Real Property. [Doc. #1]   In the Complaint, the Trustee claims that CitiMortgage failed to set forth in its Motion for Relief from Stay and Abandonment that it is the holder of the Note which constitutes a "judicial admission" that CitiMortgage is not the holder. *Complaint, para. 14.*

The Trustee further alleges that Debtors granted a Mortgage to MERS, and that the Mortgage conveys to MERS the power of sale of Debtors' property. *Complaint para. 5 & 7.* The Trustee acknowledges that the Note was indorsed in blank and that an Assignment of Mortgage from MERS, solely as nominee for Homeland Capital Mortgage to CitiMortgage was executed and recorded. *Complaint, para. 9 & 10.*

The Trustee asserts that MERS never had possession of Note and had no authority to assign the Note to CitiMortgage. *Complaint, para. 16.*  The Trustee seeks a declaratory judgment that CitiMortgage cannot enforce payment of the Note; that MERS could not transfer possession of the Note or assign the Note; and that the Trustee is a judicial lien creditor with an interest superior to that of CitiMortgage. *Complaint, para. A-E*

Defendants CitiMortgage and MERS hereby move for summary judgment in their favor on the grounds that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law.

### III. Argument

### A. The record contains CitiMortgage's status as a secured creditor and holder of the mortgage loan.

In Debtor's Chapter 7 and schedules, they identified CitiMortgage as holder of the mortgage loan and a secured creditor. CitiMortgage's Motion for Relief from Stay refers to its lien on the subject property and its secured claim. The Motion for Relief from Stay explains that the Mortgage lien was perfected when the mortgage was filed, and that the mortgage was assigned of record from MERS solely as nominee, to CitiMortgage. CitiMortgage's Proof of Claim identifies CitiMortgage as a secured creditor. The record contains numerous representations by Debtors and CitiMortgage that CitiMortgage is the holder of the mortgage loan.

### B. CitiMortgage is bearer of the Note and the holder entitled to enforce the Note.

In the case of *In re Cook*, 457 F.3d 561 (C.A. 6 Ky. 2006) the U.S. District Court, E.D. Kentucky reviewed this Trustee's appeal of this Court's Order in *In re Cook, J. James Rogan, Trustee v. Bank One National Association*, Civil Action No. 05-2-KSF, Sept 15, 2005. In affirming this Court's decision, the Court of Appeals explained the following principles regarding transfer of a note.

A note is a negotiable instrument under KRS 355.3-104 and is self-authenticating evidence under Fed. R. Evid. 909(9). A note is negotiated by special indorsement from one creditor to another or by blank indorsement. A blank indorsement converts the note into bearer paper that may be negotiated by transfer of possession alone. KRS 355.3-205(2).

"Under Kentucky law, an assignment of note "necessarily carries with it an assignment of the indemnifying mortgage." *In re Cook, citing Napier v. Duff*, 26 S.W. 2d 1083 (Ky. 1939); *Drinkard v. George* 237 Ky. 560, 36 S.W.2d 56 (Ky. App. 1930) [Assignment of notes secured by mortgage operated as equitable assignment of mortgage.]; *Securities Inv. Co. of St. Louis v. Harrod Bros.* 225 Ky. 12, 7 S.W.2d 492 (Ky. App. 1928). When a note is sold, the security interest incident to the note is perfected upon attachment. KRS 355.9-309(4). A failure to "record an assignment of the mortgage does not affect perfection of the lien against mortgagors and those claiming through them." *In re Cook, p. 2*

In this case, as of February 23, 2007, Homeland had transferred the original note with blank indorsement to CitiMortgage. *Affid. para. 2 & 3.* Having physical possession of the Note payable to bearer, CitiMortgage is the holder entitled to enforce the note. KRS 355.1-201(20), 355.301. As the mortgage is incident to the Note, CitiMortgage holds the Mortgage.

**C. The assigned note and mortgage are not property of the bankruptcy estate, the transfer of which can be avoided by the Trustee.**

Pursuant to 11 USC 541, a mortgage is an equitable interest in real property and is not property of the bankruptcy estate." *In re Cook*, 457 F.3d 561 (C.A. 6 Ky. 2006), *citing Kapila v. Atlantic Mortgage & Inv. Cow. (In re Halabi),* 184 F.3d 1335 (11th Cir. 1999) [an equitable interest property that the debtor does not hold is not property of the bankruptcy estate.]. 11 U.S.C. 541(d). An assignment of a properly recorded mortgage transfers a mortgagee's rights under the mortgage, not the debtor's interest in the real property. *Id.* As a consequence, the assignment of a mortgage "does not involve a 'transfer of the

property of the debtor' that would activate the Trustee's strong-arm powers under
§ 544." *Id.* Similarly, Debtors have neither an equitable nor a legal interest in the
Note or transfer of the Note, therefore, as with the Mortgage, the transferred Note
is not property of the bankruptcy estate subject to avoidance by the Trustee.

### D. MERS held only legal title to the mortgage for recordation purposes.

The following is an excerpt of *In re Carter*, U.S. Bankr. N.D. Ohio, E.D.
Case No. 04-15754, MERS' Statement Explaining the Nature of its Business,
(Jun 12, 2008)

MERS holds legal title as mortgagee of record for millions of mortgages.
MERS streamlines the servicing of these mortgages and the transfer of the
beneficial ownership interest between members. See *Merscorp, Inc. v. Romaine,*
24 A.D.3d 673, 808 N.Y.S.2d 307 (N.Y.App.Div.2005). MERS does not hold a
beneficial interest in any note or mortgage. The note and beneficial interest in the
mortgage belong to the lender.

MERS Members contractually agree to appoint MERS, which
MERSCORP wholly owns, to act as their common agent, or nominee, and to
name MERS as the lien holders of record in a nominee capacity on all recorded
security instruments for loans registered on the MERSQ System. MERS status
as "nominee" is a common occurrence in public land records and "has long been
sanctioned as a legitimate practice." *In re Cushman Bakers*, 526 F. 2d 23, 30
(1st Cir. 1975), cert. denied, 425 **US.** 937 (1976).  As long as the sale of the note
involves a MERS Member, MERS remains the mortgagee of record on the

mortgage and continues to act as a nominee for the new note holder. If a Member is no longer involved with the note after it is sold, an assignment from MERS to the non-MERS member is recorded in the county where the real estate is located, and the mortgage is "deactivated" from the MERSO System.

Here, the legal title to the Mortgage was held by MERS, Inc. solely as nominee for Homeland Mortgage, Inc.  MERS never held a beneficial interest in the Note or Mortgage.  MERS, solely as nominee, assigned the Mortgage to CitiMortgage, and assignment of Mortgage was duly recorded.  At all times, Homeland, as lender and later CitiMortgage, as transferee and bearer, held a beneficial interest in the Note and Mortgage.

## IV. Conclusion

The record contains numerous references to CitiMortgage as holder of the Note and Mortgage.  The Trustee's allegation that CitiMortgage is not the holder of the Note and Mortgage must fail.  CitiMortgage, by transfer from Homeland, is the bearer with physical possession of the Note indorsed in blank.  The mortgage loan is not property of the estate that can be avoided by the Trustee.  MERS held only legal title of the Mortgage for recordation purposes and properly assigned the Mortgage to CitiMortgage for recordation purposes.

For the foregoing reasons, there being no genuine issue of material fact, this Court must grant summary judgment in favor of Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital Mortgage [its successors and assigns]* as a matter of law.

Respectfully submitted,

___/s/  Pamela S. Petas_____
Pamela S. Petas (84647)
Manley Deas Kochalski PLLC
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Summary

Judgment with supporting Affidavit was sent to the following via ECF/CM or by

regular U.S. mail, postage prepaid on January 22, 2010:

J. James Rogan, PSC
Attorney for J. James Rogan, Trustee
345 South Fourth Street
Danville, KY  40422
jattorney@bellsouth.net

John M. Simms
Attorney for Debtors
1608 Harrodsburg Rd.
Lexington, KY  40504
jsm@ask-law.com

John L. Daugherty
Assistant U.S. Trustee
100 East Vine Street
Lexington, KY 40507

The below listed parties were served via regular U.S. Mail postage prepaid on
January 22, 2010:

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
345 Bob O Linky Dr.
Lexington, KY  40503

Byron Jessup aka Byron Lee Jessup

Wanda Jessup aka Wanda F. Jessup
2420 Parterre Place
Lexington, KY  40504


   /s/   Pamela S. Petas
Pamela S. Petas (84647)