UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
BYRON JESSUP
WANDA JESSUP                                              Case No. 09-50922
Debtors

J. JAMES ROGAN, TRUSTEE                                   PLAINTIFF

V.                                                        Adv. No. 09-5229

CITIMORTGAGE, INC.                                        DEFENDANTS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ("MERS") solely
as nominee for Homeland Capital Mortgage

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Comes the Plaintiff, J. James Rogan, Trustee, (hereinafter Trustee) by counsel, pursuant to Rule 7056 of the Bankruptcy Rules of Procedure and all other applicable law and moves the Court to enter a summary judgment as follows:

1. That the Trustee as a judicial lien creditor pursuant to 11 U.S.C. §544 (a)(1), and all other applicable law has priority over the interest of Defendants CitiMortgage, Inc. and Mortgage Electronic Systems, Inc. in the real property described in paragraph 7 of the complaint

2. That the Trustee should be authorized to sell the real property Free and clear of the interests of Defendants

FACTUAL BACKGROUND

On February 23, 2007 Debtors Byron Jessup and Wanda Jessup granted a consensual mortgage to Defendant Mortgage Electronic Registration Systems, Inc., which was filed in the Fayette County Clerk's Office on March 15, 2007. The mortgage

1

secured repayment of a balloon note executed by Debtors on February 23, 2007, in the principal amount of $252,000.00, payable to Homeland Capital Mortgage. Defendant Mortgage Electronic Registration Systems, Inc. is identified as a party to the mortgage as follows:

> MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument.

The mortgage identifies Homeland Capital Mortgage as the "lender."

The Trustee was unable to obtain through discovery whether Homeland Capital Mortgage as Lender ever nominated MERS as mortgagee for the Jessup mortgage by propounding the following interrogatories:

Interrogatory No. 13.

What is the date that Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee pertaining to the February 23, 2007mortgage executed by Byron Lee Jessup and Wanda F. Jessup?

**Answer**: Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the mortgage appointed MERS as mortgagee solely as nominee for Homeland Capital Mortgage, its successors and assigns. MERS membership information is available on the MERS website.

Interrogatory No. 14.

Was the appointment of MERS to act as nominee for Homeland Capital Mortgage pertaining to the February 23, 2007 mortgage executed by Byron Lee Jessup and Wanda F. Jessup in writing or was the appointment verbal?

**Answer:** Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, see answer to Interrogatory No. 13.

Interrogatory No. 15.

If the nomination of MERS was in writing from Homeland Capital Mortgage to act as mortgagee solely as nominee for Homeland Capital Mortgage pertaining to the February 23, 2007 mortgage executed by Byron Lee Jessup and Wanda F. Jessup, please attach a copy of such appointment to your answers.

**Answer:** Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, see answer to Interrogatory No. 13.

The status of MERS is further clouded by the assignment of the Jessup mortgage recorded on February 12, 2008 in the Fayette County Clerk's Office. The mortgage assignment, a copy of which is attached hereto as Plaintiff's Exhibit No. 1, was executed by D.M. Wileman, as "Authorized Signator" for MERS. The Trustee sought to verify that D.M. Wileman was in fact, an "Authorized Signator" of MERS by propounding Interrogatory No.12 as follows:

What is the date that D.M. Wileman was appointed or employed as "Authorized Signator" for MERS, and if such appointment is in writing, attach a copy of such written appointment to your answers?

**Answer**: Objection, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, assuming this Interrogatory refers to the signature of D.M. Wileman on the Assignment of Mortgage,

3

attached is a copy of the Preferred Provider Service Agreement between Orion Financial Group and MERS.  Although, D.M. Wileman is a vice president of Orion, she is not on the list of authorized signers referenced in the Agreement.  The Preferred Provider Service Agreement attached to MERS' answers to interrogatories is between Orion Financial Group and MERSCORP, INC which appears to be a different entity from Mortgage Electronic Registration Systems, Inc. which is the named mortgagee on the Jessup mortgage.  If these two corporations are one in the same, paragraph 6 of the Preferred Service Provider Agreement requires MERSCORP, INC. to pass a Corporate Resolution to enable an officer or other authorized employee of Orion Financial Group to sign assignments and lien releases. MERS did not produce a copy of the resolution authorizing D.M. Wileman to act for MERS, so it can be presumed none exists.

The mortgage assignment purports to assign not only the mortgage to Defendant CitiMortgage, Inc., but also the note. It states as follows:  '. . .the described mortgage, **together with certain note(s) with all interest . . ."**  A different scenario was put forth in the affidavit of Eric Roso, a bankruptcy specialist that is attached to the summary judgment motion defendants.  Roso states that CitiMortgage, Inc. had possession of the Jessup note as of "2/23/2007," which is the date that Debtors signed the balloon note.

### ARGUMENT

I.  STANDARD OF REVIEW

The standards for summary judgment are contained in In <u>Cox v. Kentucky Dept. of Transp.</u>, 53 F.3d 146 (6th Cir. 1995) where the Court held as follows:

> The moving party has the initial burden of proving that no
> genuine issue of material fact exists and that the moving

4

party is entitled to judgment as a matter of law. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989). To meet this burden, the moving party may rely on any of the evidentiary sources listed in Rule 56(c) or may merely rely upon the failure of the nonmoving party to produce any evidence which would create a genuine dispute for the jury. Id. at 1478. Essentially, a motion for summary judgment is a means by which to "challenge the opposing party to `put up or shut up' on a critical issue." Id.

[6] If the moving party satisfies its burden, then the burden of going forward shifts to the nonmoving party to produce evidence that results in a conflict of material fact to be resolved by a jury. In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, if the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted. Street, 886 F.2d at 1477. Thus, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. at 2511.

[7] While a court must proceed cautiously in considering subjective issues, the Supreme Court has indicated that the existence of subjective issues does not necessarily foreclose summary judgment disposition. Street, 886 F.2d at 1479 (synthesizing Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. Id.

## II  THE JESSUP MORTGAGE CANNOT BE ENFORCED AGAINST THE TRUSTEE WITHOUT A VALIDLY NAMED MORTGAGEE

There are two competing interests in the real property involved in this case. There is the Trustee who on March 27, 2009, acquired a judicial lien pursuant to 11 U.S.C. §544 (a)(1) "without regard to any knowledge of the trustee," for the benefit of unsecured creditors of Debtors in the amount of $383,848.43. Conversely, Defendant CitiMortgage, Inc. contends it can sell the real property identified in the recorded mortgage to pay a balloon note which it acquired by either blank indorsement or by assignment. The Trustee asserts that the Jessup mortgage is unenforceable against the Trustee as a subsequent judicial lien creditor without notice, where the recorded mortgage lacks a valid mortgagee.

In the mortgage before the Court, the lender, Homeland Capital Mortgage is not the named mortgagee. In unambiguous language on page 1 of the mortgage, the mortgagee is identified as follows:

> MERS is the mortgagee under this Security Instrument.

Since MERS is a different entity than the lender, its authority to act must emanate from Lender, Homeland Capital Mortgage. The mortgage at page 1 states that MERS is acting solely as nominee for the lender. Nominee is defined in Black's Law Dictionary, Revised Fourth Edition (1968) as follows:

> NOMINEE. One who has been nominated or proposed for an office.
> One designated to act for another as his representative in a rather limited sense. It is used sometimes to signify an agent or trustee. It has no connotation, however, other than that of acting for another, in representation of another, or as the grantee of another.

The definition of a nominee comports to general principals of agency in that authority to act as agent must originate with the principal, <u>Cincinnati Insurance Company v. Clary,</u> Ky. App., 435 S.W.2d 88, 89 (1968).  MERS has not produced a document executed by Lender Homeland Capital Mortgage in which it appoints MERS as its nominee to act as mortgagee.

In <u>Aetna Casualty & Surety Co. v. Commonwealth,</u> Ky. 25 S.W.2d 51, 54 (1930), the court found that a deed was void where the name of the grantee was left blank, even though the signature of the grantee was acknowledged.  When a party is not named or identified as a mortgagor, then the party is not bound by the mortgage, though signed and acknowledged by the party, <u>Goodrum's Guardian et al v. Kelsey</u>, Ky., 50 S.W.2d 932 (1932).  The Trustee submits that where a named mortgagee does not have authority to act as mortgagee is analogous to a mortgage without a named mortgagee in the body of the document.  A mortgage without a validly named mortgagee does not create a valid interest in real property to give a bankruptcy trustee constructive notice of its filing, <u>State Street Bank and Trust Company v. Heck's, Inc.</u>, Ky., 963 S.W.2d 626, 30 (1998).

III  ERIC ROSSO HAS NOT PROVIDED CREDIBLE TESTIMONY
CONCERNING THE RECORDS OF CITIMORTGAGE, INC.

Rule 803 (6) of the Federal Rules of Evidence provides for the introduction of business records into evidence as an exception to the hearsay rule.  A custodian of the records or other qualified witness must establish the following four requirements for business records to be authenticated, <u>In re Vinhnee</u>, 336 B. R. 437, 444 (9th Cir. BAP);

1. The entry to be made at or near the time by, or from information transmitted by, a person with knowledge;

2. pursuant to a regular practice of the business activity;

    3. kept in the course of regularly conducted business activity; and

    4. the source, method, or circumstances of preparation must not indicate lack of trustworthiness.

In the affidavit of Eric Roso attached to the motion for summary judgment of CitiMortgage, Inc., Rosso failed to satisfy the authentication requirements set forth in <u>Vinhnee</u>, Id. Rosso neither described what business entries he reviewed to prove CitiMortgage, Inc. purchased the February 23, 2007 note, nor did Rosso testify whether the records of CitiMortgage, Inc. he reviewed were electronic or paper. Absent an actual business entry, coupled with no testimony if the original record was electronic or paper, there is no foundation to authenticate any business entry of CitiMortgage, Inc. The Trustee submits that if CitiMortgage, Inc. purchased the note then an actual business entry existed that would contain a specific date of purchase, and amount paid for the note, and entry of the note receivable on the records, See <u>Principles of Accounting, Introductory,</u> H. A. Finney and Herbert E. Miller,

    Rosso's testimony that CitiMortgage, Inc. had possession of the note as of "2/23/2007" is also suspect as to crediblity. According to the notary acknowledgment on the mortgage, Debtors signed the note on February 27, 2007 in Fayette County, Kentucky. The note was payable to Homeland Capital Corporation that has an address of 600 E. Carmel Drive, Suite 110, Carmel, Indiana. CitiMortgage, Inc. lists on its proof of claim an address of P.O. Box 6941, The Lakes, NV 88901-6941. Rosso's affidavit was sworn to in Dallas County, Texas. The Trustee submits that a note signed in Fayette County, Kentucky on February 23, 2007, could not be in possession of CitiMortgage, Inc. on the same day in Texas or in Nevada. The note would have to be indorsed by

8

Homeland Capital Corporation prior to transfer to CitiMortgage, Inc. The note does not contain a date of the indorsement in blank from Homeland Capital to CitiMortgage, Inc. Rosso also failed to distinguish the written assignment of the note on January 28, 2008, purportedly from MERS to CitiMortgage, Inc.

> IV  CITIMORTGAGE, INC. HAS JUDICIALLY ADMITTED THAT IT DOES NOT HAVE THE FEBRUARY 23, 2007 NOTE IN ITS POSSESSION

CitiMortgage, Inc. did not state in its motion for relief filed in Debtors' main case (Document #13 and attached to the complaint as Plaintiff's Exhibit No. ) that it was in possession of the February 23, 2007 note and entitled to enforce payment of the note by foreclosing on the real property. In order for CitiMortgage, Inc. to have a secured claim the note must have been delivered to CitiMortgage, Inc., KRS 355.203(1). Such a discrepancy in proof in the motion for relief acts as a judicial admission. A judicial admission has been defined in Barnes v. Owens-Corning Fiberglass Corporation, 201 F3d 815,829 (6th Cir. 2000) as formal admissions "in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." While Barnes involved factual admissions that were conclusively binding on the party who made them, the Trustee submits that omission of necessary factual elements to establish a secured claim to obtain relief from stay should also be binding judicial admissions.

Respectfully submitted

/s/ J. James Rogan\
J. James Rogan, P.S.C., Attorney for\
J. James Rogan, Trustee\
345 South Fourth Street\
Danville, Kentucky 40422\
(859) 236-8121

9

Certificate of Service:

This is to certify that a copy of the foregoing motion was served electronically on February 1, 2010, to the following:

Pamela S. Petas
Manley Deas Kochalski PLLC
P. O. Box 42728
Cincinnati, Ohio 45242-0728

<u>/s/ J. James Rogan</u>
J. James Rogan

PLAINTIFF'S EXHIBIT NO. 1

ASSIGNMENT OF MORTGAGE AND NOTE

08-03259

H8W

BOOK 457 PAGE 303

Return To:  Vickie Guilford
Manley Deas Kochalski PLLC
4665 Cornell Road, Suite 331
Cincinnati, OH 45241

**Assignment of Mortgage**    Send Any Notices to Assignee.

For Valuable Consideration, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE G4318 Miller Road, Flint, MI 48507 (Assignor) by these presents does assign and set over, without recourse, to CITIMORTGAGE, INC. 1111 Northpoint Drive, Building 4, Suite 100, Coppell, TX 75019 (Assignee) the described mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by BYRON LEE JESSUP AND WANDA F. JESSUP, HUSBAND AND WIFE to HOMELAND CAPITAL MORTGAGE.  Said mortgage Dated: 2/23/2007 is recorded in the State of KY, County of Fayette on 3/15/2007, Book 6016 Page 32 AMOUNT: $ 252,000.00    Property Address: 2420 PARTERRE PLACE, LEXINGTON, KUY 40504

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: January 28, 2008

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE

By: 

D. M. Wileman, Authorized Signator

JESSUP   YMG  *02131308*

State of Texas County of Tarrant

On 1/28/2008, before me, the undersigned, D. M. Wileman, who acknowledged that he/she is Authorized Signator for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE.

JULIE BACON
Notary Public, State of Texas
My Commission Expires
November 30, 2010

Notary public, Julie Bacon
My commission expires: November 30, 2010

Prepared by:

Laura L. Drake (KBA 88288)
Manley Deas Kochalski PLLC
4665 Cornell Road, Suite 331
Cincinnati, OH 45241

MERS Phone 888-679-6377
LAURA KELLER
CITIFIP/MANDEAS/CITI


EXHIBIT C

Case 09-05229-tnw   Doc 22   Filed 02/01/10   Entered 02/01/10 17:50:37   Desc Main
Case 09-05229-wsh   Doc 13   Document   Page 13 of 14
Filed 12/21/09   Entered 12/21/09 18:21:52   Desc
Continuation of Main Document Exhibits   Page 33 of 34

## EXHIBIT A

The following described property located in Fayette County, Kentucky, to-wit:

Being all of Lot 4 of Parterre Place Subdivision, Lexington, Fayette County, Kentucky, as shown by plat thereof of record in Plat Cabinet F, Slide 342, in the Fayette County Court Clerk's Office, said property being otherwise known as 2420 Parterre Place.

Subject to any restrictions and easements of record in the aforesaid Clerk's Office affecting the subject property.

Being the same property conveyed to Byron Lee Jessup and Wanda F. Jessup, husband and wife, by virtue of a deed from Parterre, Inc., dated July 8, 1986, filed July 9, 1986, recorded in Deed Book 1409, Page 15, County Clerk's Office, Fayette County, Kentucky.

Parcel Number: 20037540

Address: 2420 Parterre Place, Lexington, Kentucky 40504

G:\Cases - TM\08-03259\tic-080123-SES.wpd

**MISCELLANEOUS BOOK   457   PAGE   305**

I, Donald W Blevins, County Court Clerk of Fayette County, Kentucky, hereby certify that the foregoing instrument has been duly recorded in my office.

*Donald W Blevins*

By:   HALLIE WOOSLEY   , dc

200802120237

February 12, 2008           9:15:01       AM

Fees        $13.00      Tax        $.00

Total Paid        $13.00

**THIS IS THE LAST PAGE OF THE DOCUMENT**

3   Pages

303  -  305