UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
BYRON JESSUP
WANDA JESSUP                              Case No. 09-50922
Debtors

J. JAMES ROGAN, TRUSTEE                   PLAINTIFF

V.                                        Adv. No. 09-5229

CITIMORTGAGE, INC.                        DEFENDANTS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ("MERS") solely
as nominee for Homeland Capital Mortgage

## DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S ("MERS") ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1. MERS objects to the Interrogatories to the extent they seek to impose burdens beyond those authorized by the Federal Rules of Bankruptcy Procedure.

2. MERS objects to the Interrogatories to the extent they seek to obtain information or documents protected by the attorney-client privilege or work-product doctrine. Any disclosure by MERS of such information here or elsewhere is inadvertent and is not to be construed as a waiver of any such privilege.

1

3. MERS reserves the right to retract an answer or information that is produced inadvertently which is later found to fall within a general or specific objection.

4. In submitting these responses, MERS expressly reserves its rights to (1) amend or supplement any and all objections and/or information provided at any time upon receipt of additional documents or information; and (2) object on any ground whatsoever to the use as evidence or any other use of the information provided and the documents produced in this or any other proceeding.

Subject to and without waiving the foregoing General Objections that are incorporated by reference into each and every response herein, MERS hereby responds as follows:

### Interrogatory No. 1.

Identify the person or persons answering these Interrogatories, mailing address, whether employed by defendant, job title, length of employment, and the name of any other person or persons, who assisted in such preparation of these answers and all documents utilized to prepare these answers.

**Answer:** Anthony S. Perez, Vice President of MERS by Appointment

with the assistance of defendants' counsel of record.

**Interrogatory No. 2.**

Please state whether MERS, at any time, obtained physical possession of the original executed adjustable rate balloon note in the principal amount of $252,000.00, secured by the mortgage dated February 23, 2007, that Debtors Byron Lee Jessup and Wanda F. Jessup granted to MERS acting solely as a nominee for Lender Homeland Capital Mortgage and its successors and assigns.

**Answer:** Objection, the interrogatory is based on the erroneous statement or assumption that the beneficial interest in the mortgage was granted to MERS. The mortgage identifies Homeland Capital Mortgage as Lender. MERS was identified on the mortgage document as mortgagee solely as nominee for Lender Homeland Capital Mortgage, its successors and assigns.

Without waiving the objection, no.


**Interrogatory No. 3.**

If your answer to Interrogatory No. 2 is yes, please provide a copy of ledger or any other written document, print out of any computer generated document, receipt or any facsimile document that shows the date that MERS acquired physical possession of the original executed adjustable rate balloon note in the principal amount of $252,000.00, secured by the mortgage dated February 23, 2007, that Debtors Byron Lee Jessup and Wanda F. Jessup granted to MERS acting solely as a nominee for Lender Homeland Capital Mortgage and its successors and assigns.

**Answer:** Not applicable.

### Interrogatory No. 4.

Please provide a copy of the accounting entry that records payment by MERS to any entity for the purchase of the note dated February 23, 2007, payable to Homeland Capital Mortgage, that shows the date of the entry, amount paid, and name of seller.

**Answer:** Objection, as the interrogatory is based upon the erroneous statement and/or assumption that MERS purchased the note. Without waiving the objection, no such accounting entry and records exist, as MERS did not purchase the note.

### Interrogatory No. 5.

Please provide a copy of any document such as a check, electronic funds transfer receipt, wire transfer receipt, accounting entry, or computer document that substantiates that MERS was paid valuable consideration to assign the February 23, 2007 mortgage to Defendant CitiMortgage, Inc. as shown by the assignment attached to the complaint as Plaintiff's Exhibit No. 2.

**Answer:** Objection, as the interrogatory is based on the erroneous statement and/or assumption that MERS was paid to assign its interest in the mortgage to defendant CitiMortgage, Inc. The beneficial interest in the mortgage was transferred from Homeland Capital Mortgage to CitiMortgage. Without waiving the objection, the mortgage identifies MERS as mortgagee solely as nominee for Homeland Capital Mortgage, its successors and assigns. MERS did not receive any form of payment for executing the assignment of mortgage.

**Interrogatory No. 6.**

Please state whether MERS received payments on the February 23, 2007 adjustable rate balloon note attached to the complaint as Plaintiff's Exhibit No. 1., and if payments were received, the date of each payment and the amount of each payment.

**Answer:** No

**Interrogatory No. 7.**

Please state the name and address of any entity other than MERS that had physical possession of the February 23, 2007 adjustable rate balloon note attached to the complaint as Plaintiff's Exhibit No. 1 from February 23, 2007, through January 28,. 2008.

**Answer:** Objection, as the Interrogatory is based upon the erroneous statement and/or assumption that MERS had physical possession of the note. MERS never had physical possession of the note. Without waiving the objection, to the best of MERS' knowledge and belief, Homeland Capital Mortgage and CitiMortgage, Inc. had physical possession of the note and CitiMortgage retains physical possession.

**Interrogatory No. 8.**

Please state the street address of the physical location where MERS held the February 23, 2007 adjustable rate balloon note attached to the complaint as Plaintiff's Exhibit No. 1.

**Answer:** Objection, as the interrogatory is based upon the erroneous statement and/or assumption that MERS had physical possession of the note. MERS never

5

had physical possession of the note.

### Interrogatory No. 9.

Please provide a copy of any written correspondence, facsimile, computer emails or computer generated correspondence, notes of telephone conversations or meetings, or other form of written document from MERS to Defendant CitiMortgage, Inc. pertaining to preparation of the assignment of mortgage attached to the complaint as Plaintiff's Exhibit No. 2.

**Answer:** Objection, overly broad, unduly burdensome, calls for information that may be protected by attorney-client privilege and/or the work product doctrine, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, to the best of MERS' knowledge and belief, the assignment was prepared with the assistance of CitiMortgage's foreclosure counsel.

### Interrogatory No. 10.

Please provide a copy of any written correspondence, facsimile, computer emails or computer generated correspondence, notes of telephone conversations or meetings, or other form of written document received by MERS from Defendant CitiMortgage, Inc. pertaining to preparation of the assignment of mortgage attached to the complaint as Plaintiff's Exhibit No. 2.

**Answer:** Objection, this interrogatory duplicates Interrogatory No. 9.

**Interrogatory No. 11.**

Please state or describe what was the "valuable consideration" that was paid to MERS as described in the assignment of mortgage attached to the complaint as Plaintiff's Exhibit No. 2.

**Answer:** Objection, this interrogatory calls for the same information as Interrogatory No. 5 and is based on the erroneous statement and/or assumption that MERS was paid to assign its interest in the mortgage to defendant CitiMortgage, Inc. The beneficial interest in the mortgage was transferred from Homeland Capital Mortgage to CitiMortgage. Without waiving the objection, the mortgage identifies MERS as mortgagee solely as nominee for Homeland Capital Mortgage, its successors and assigns. MERS did not receive any form of payment for executing the assignment of mortgage.

**Interrogatory No. 12.**

What is the date that D.M. Wileman was appointed or employed as "Authorized Signator" for MERS, and if such appointment is in writing, attach a copy of such written appointment to your answers?

**Answer:** Objection, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, assuming this Interrogatory refers to the signature of D.M. Wileman on the Assignment of Mortgage, attached is a copy of the Preferred Provider Service Agreement between Orion Financial Group and MERS. Although, D.M. Wileman is a vice president of Orion, she is not on the list of authorized signers referenced in the Agreement.

7

**Interrogatory No. 13.**

What is the date that Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee pertaining to the February 23, 2007 mortgage executed by Byron Lee Jessup and Wanda F. Jessup?

**Answer:** Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, the mortgage appointed MERS as mortgagee solely as nominee for Homeland Capital Mortgage, its successors and assigns. MERS membership information is available on the MERS website.

**Interrogatory No. 14.**

Was the appointment of MERS to act as nominee for Homeland Capital Mortgage pertaining to the February 23, 2007 mortgage executed by Byron Lee Jessup and Wanda F. Jessup in writing or was the appointment verbal?

**Answer:** Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, see answer to Interrogatory No. 13.

**Interrogatory No. 15.**

If the nomination of MERS was in writing from Homeland Capital Mortgage to act as mortgagee solely as nominee for Homeland Capital Mortgage pertaining to the February 23, 2009 mortgage executed by Byron Lee Jessup and

8

Wanda F. Jessup, please attach a copy of such appointment to your answers.

**Answer:** Objection overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objection, see answer to Interrogatory No. 13.

As to all objections,

/s/Pamela S. Petas
Pamela S. Petas (KBA # 84647)
Manley Deas Kochalski PLLC
P.O. Box 42728
Cincinnati OH  45242-0728
513-618-6234 phone & fax
psp@mdk-llc.com
Attorney for Defendant Mortgage
Electronic Registration Systems, Inc.

## VERIFICATION

STATE OF TEXAS:

COUNTY OF DALLAS:

The undersigned, Anthony S. Perez, states that the foregoing Answers to PLAINTIFF'S FIRST SET OF INTERROGATORIES are true to the best of his/her knowledge and belief.

_____
Signature

Sworn to before me and subscribed in my presence this 21st day of January, 2010.

_____
Notary Public

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of defendant MERS's Answers to Interrogatories was served electronically to all parties entitled to electronic notice of pleadings in the within adversary proceeding or by U.S. mail on January 21, 2010 to the following:

J. James Rogan
345 South Fourth Street
Danville, KY 40422
859-236-8121
Attorney for Plaintiff

/s/ Pamela S. Petas
Pamela S. Petas