UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
BYRON JESSUP
WANDA JESSUP           Case No. 09-50922
Debtors

J. JAMES ROGAN, TRUSTEE      PLAINTIFF

V.                Adv. No. 09-5229

CITIMORTGAGE, INC.         DEFENDANTS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ("MERS") solely
as nominee for Homeland Capital Mortgage

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

   In its motion for summary judgment, Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) and Defendant CitiMortgage, Inc. failed to address the issue of whether written proof exits that Lender, Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee for the February 23, 2007 mortgage executed by debtors.  Whether MERS was ever in fact nominated by Homeland Capital Mortgage was raised by Plaintiff's Interrogatory No. 13 as follows:

   What is the date that Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee pertaining to the February 23, 2007mortgage executed by Byron Lee Jessup and Wanda F. Jessup?

   **Answer**: Objection overly broad and not reasonably calculated to lead to the

1

discovery of admissible evidence. Without waiving the objection, the mortgage appointed MERS as mortgagee solely as nominee for Homeland Capital Mortgage, its successors and assigns. MERS membership information is available on the MERS website.

Plaintiff submits that the answer to Interrogatory No. 13 directing plaintiff to view a website does not meet the evidentiary requirements of Bankruptcy Rule 7056 (e)(1) which provides as follows:

> (1) *In General.* A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

Plaintiff submits that Defendants have failed to produce sworn answers to interrogatories on personal knowledge that Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee for the February 23, 2007 mortgage.

Defendants' reliance on Merscorp, Inc. v. Romaine, 24 A.D.3d 673, 808 N.Y.S.2d 307, 2005 WL 3485700 (2005) is not germane to the issue of non-appointment of MERS to act as mortgagee by the lender. This was a summary judgment case that involved whether MERS made a prima facie showing by tendering sufficient evidence to establish that MERS complied with New York state recording statutes. Merscorp, Inc. v. Romaine did not involve whether a bankruptcy trustee, acting for unsecured creditors, had a perfected lien in real property superior to a recorded mortgage that did not contain a validly nominated mortgagee. The other reported case cited by defendants of In re

2

<u>Cushman Bakers</u>, 526 F. 2d 23, 30 (1st Cir. 1975) likewise did not involve a situation of an absence of proof of appointment of an entity to act as mortgagee. <u>Cushman</u> merely recognized that a party can appoint another entity to act as mortgagee. The court stated as follows:

> The use of a nominee in real estate transactions, and as mortgagee in a recorded mortgage, has long been sanctioned as a legitimate practice.

Defendants have not only failed to produce evidence that Homeland Capital Mortgage failed to nominate MERS as mortgagee, but also failed to produce evidence that MERS nominated D. M Wileman as an "Authorized Signator" of MERS to execute the assignment of mortgage from MERS to Defendant CitiMortgage, Inc. This presents a different issue than the assignment issue in <u>In re Cook,</u> 457 F. 3d 561 (6th Cir. 2006). In <u>Cook</u>, the court held that it was unnecessary to record an assignment of the mortgage, as the holder of the note can enforce payment via a validly recorded mortgage. The <u>Cook</u> case involved a series of note transfers in blank, but did not involve a mortgage that was questioned by the trustee for failure of MERS to produce evidence that the lender actually nominated MERS to act as mortgagee. In this adversary proceeding there is no proof that MERS was nominated as mortgagee, or that the individual executing an assignment of mortgage for MERS was in fact, an employee or agent of MERS. This is a completely different factual pattern from the facts of the <u>Cook</u> case.

For the foregoing reasons, Plaintiff respectfully requests that the motion for summary of Defendants be denied.

Respectfully submitted.

    /s/ J. James Rogan_____
    J. James Rogan, P.S.C., Attorney for

        J. James Rogan, Trustee
        345 South Fourth Street
        Danville, Kentucky 40422
        (859) 236-8121

Certificate of Service:

This is to certify that a copy of the foregoing motion was served electronically on March 1, 2010, to the following:

Pamela S. Petas
Manley Deas Kochalski PLLC
P. O. Box 42728
Cincinnati, Ohio 45242-0728


        /s/ J. James Rogan
        J. James Rogan

4