UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In Re: | Case No. 09-50922 |
| Byron Jessup<br>Wanda Jessup | Chapter 7 |
| | Judge William S. Howard |
| Debtors | |
| | |
| J. James Rogan, Trustee | PLAINTIFF |
| | |
| v. | |
| | ADV. NO. 09-5229 |
| CitiMortgage, Inc. | |
| | |
| Mortgage Electronic Registration Systems, Inc. (MERS),<br>*solely as nominee for Homeland Capital Mortgage* | DEFENDANTS |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#22) WITH SUPPORTING AFFIDAVITS OF DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

Now come Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital Mortgage [its successors and assigns]*, and submit the following Memorandum and attached Affidavits in Opposition to Plaintiff's Motion for Summary Judgment.

1

Respectfully submitted,

/s/ Pamela S. Petas
Pamela S. Petas (84647)
Manley Deas Kochalski PLLC
P.O. Box 42728
Cincinnati, OH 45242
Phone & Fax (513) 618-6234
psp@mdk-llc.com
Attorney for Defendants
CitiMortgage, Inc. and Mortgage
Electronic Registration Systems, Inc.
(MERS), solely as nominee for
Homeland Capital Mortgage [its
successors and assigns]

## **MEMORANDUM**

### I. The Trustee is not a judicial lien creditor

The Trustee asserts the status of a judicial lien creditor under 11 U.S.C. § 544(a)(1) but offers no legal authority to support that position. Pursuant to 11 USC § 541, a mortgage is an equitable interest in real property and is not property of the bankruptcy estate." *In re Cook*, 457 F.3d 561 (C.A. 6 Ky. 2006), *citing Kapila v. Atlantic Mortgage & Inv. Cow. (In re Halabi),* 184 F.3d 1335 (11th Cir. 1999) [an equitable interest property that the debtor does not hold is not property of the bankruptcy estate.]. 11 U.S.C. § 541(d). An assignment of a properly recorded mortgage transfers a mortgagee's rights under the mortgage, not the debtor's interest in the real property. *Id.* As a consequence, the assignment of a mortgage "does not involve a 'transfer of the property of the debtor' that would activate the Trustee's strong-arm powers under § 544." *Id.* Similarly, Debtors have neither an equitable nor a legal interest in the Note or

transfer of the Note, therefore, as with the Mortgage, the transferred Note is not property of the bankruptcy estate subject to avoidance by the Trustee.

## II. Interest of Lender and MERS in the Mortgage.

### A. Lender's beneficial interest in the Mortgage.

Copies of the Note and Mortgage are attached to the Motion for Summary Judgment of CitiMortgage and MERS filed with this Court on December 21, 2009 Doc. #13.  The Mortgage identifies Homeland Capital Mortgage as lender.  The Mortgage provides that it "secures to Lender" repayment of the loan *** the performance of Borrower's covenants and agreements under this Security Instrument and the Note."  It further states that "[f]or this purpose, Borrower does hereby mortgage, grant and convey [the property] to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale ***.  The Uniform Covenants of the Mortgage are identified as between "Borrower and Lender".  *Id.*  The Mortgage further refers to "Lender's Interest in the Property and Rights Under this Security Agreement."  The Mortgage defines "Interest in the Property" as "any legal **or** beneficial interest in the property ***."

The Note and Mortgage create a contractual relationship between debtors and lender.  Debtors received the loan principal which they agreed to repay to lender at a principal at a rate of interest over a certain term. The Note and Mortgage define debtors' and lender's rights and responsibilities.  The Note and Mortgage do not create contractual rights and obligations between debtors and MERS.

### B. MERS' (as nominee's) legal title to the Mortgage

The Mortgage instrument itself appoints MERS solely a nominee for lender, Homeland Capital Mortgage, its successors and assigns as mortgagee and holder of legal title to the mortgage in that capacity. The Trustee's 1968 definition of "Nominee" is outdated. "Nominee" is defined as

\*\*\*
> 2. A person designated to act in place of another in a very limited way and
>
> 3. A party who holds **bare legal title** for the benefit of others or who receives and distributes funds for the benefit of others.

*Black's Law Dictionary* (8th ed. 2004), "nominee" emphasis added. As nominee for lender, its successors and assigns, MERS held bare legal title to the Mortgage.

The following is an excerpt of *In re Carter*, U.S. Bankr. N.D. Ohio, E.D. Case No. 04-15754, MERS' Statement Explaining the Nature of its Business, (Jun 12, 2008)

MERS holds **legal title** as mortgagee of record for millions of mortgages. MERS streamlines the servicing of these mortgages and the transfer of the beneficial ownership interest between members. See *Merscorp, Inc. v. Romaine*, 24 A.D.3d 673, 808 N.Y.S.2d 307 (N.Y.App.Div.2005). MERS does not hold a beneficial interest in any note or mortgage. The note and beneficial interest in the mortgage belong to the lender.

MERS Members contractually agree to appoint MERS, which MERSCORP wholly owns, to act as their common agent, or nominee, and to name MERS as the lien holders of record in a nominee capacity on all recorded

security instruments for loans registered on the MERSQ System. MERS status as "nominee" is a common occurrence in public land records and "has long been sanctioned as a legitimate practice." *In re Cushman Bakers*, 526 F. 2d 23, 30 (1st Cir. 1975), cert. denied, 425 US. 937 (1976). As long as the sale of the note involves a MERS Member, MERS remains the mortgagee of record on the mortgage and continues to act as a nominee for the new note holder. If a Member is no longer involved with the note after it is sold, an assignment from MERS to the non-MERS member is recorded in the county where the real estate is located, and the mortgage is "deactivated" from the MERSQ System.

The purpose of MERS (as nominee) as mortgagee of record is to provide a method by which third parties can ascertain the current lender/holder of the beneficial interest in the mortgage loan without having to rely on a recorded assignment of mortgage. Third parties may call the MERS phone number listed on the Mortgage or visit the MERs website to identify the current loan servicer which handles the administration of the loan. The servicer identifies the current lender if not the same company.

**C. Notice to the Trustee.**

The Trustee argues that the Mortgage document fails to identify the mortgagee and as such, does not provide sufficient notice of the lien to bona fide purchasers. The Trustee does not dispute that the Mortgage identifies lender as Homeland Capital Mortgage to whom debtors owed a contractual obligation to repay the Note. The Mortgage identifies the mortgagee as MERS (as nominee for lender, its successors and assigns) as holder of the legal title to the mortgage.

5

The Trustee's reference to *Aetna Casualty and Surety Co. v. Commonwealth*, 25 S.W. 2d 51, 54 (Ky. 1930) and *Goodrum's Guardian v. Kelsey*, 50 S.W. 2d 932 (Ky. App. 1932) is puzzling. In both cases, deeds were found to be invalid because of alleged defects in the identity and/or execution by the *grantor*. Similarly, *State Street Bank and Trust Co. v. Heck's Inc.*, 963 S.W.2d 626 (Ky. 1998) does not support the Trustee's position because it also involved defective execution by the party required to sign the mortgage instrument, the mortgagors. In this case, debtors' proper execution of the Mortgage is not in question. Neither the lender nor MERS was required to execute the Mortgage in order for it to be valid and recordable. The Mortgage meets all of the requirements for recording and constructive notice of the lien to third parties. K.R.S. 382.110; 382.270; *Thacker v. United Companies Lending Corp.*, 256 B.R. 724 (W.D. Ky. 2000).

### III. CitiMortgage as owner/holder of the mortgage loan
#### A. The Note and Mortgage are self authenticating.

In support of its Motion for Summary Judgment, CitiMortgage offered a Custodian's Affidavit attesting to possession of the original Note as of the loan origination date of February 23, 2007.[1] The Trustee argues that the Custodian's Affidavit of CitiMortgage does not properly authenticate the Note. However, the Note is self authenticating commercial paper. U.C.C. 3-307, Fed.R. Evid. 902; *In re* Cook, 457 F.3d 561 (C.A. Ky. 2006); *U.S. v. Carriger*, 592 F.2d (6th Cir. 1979);

---

[1] The Trustee's claim that the Note was executed on February 27, 2007 has no factual basis. as the loan documents were signed and notarized on February 23, 2007.

6

*McCormack v. Clouse* 266 Ky. 450, 98 S.W.2d 892 (Ky. App. 1936). No additional evidence of authentication is required.

### B. CitiMortgage acquired the original loan documents in providing primary funding for the mortgage loan.

On February 23, 2007, Homeland Capital Mortgage originated the mortgage loan in the principal amount of $252,000. CitiMortgage provided the primary funding for debtors' mortgage loan. *See Supplemental Affidavit of CitiMortgage attached as EXHIBIT I, ["Supp. Affid."] ¶ 2, Exhibits A & B.* The loan serving records show that CitiMortgage funded the loan on March 26, 2007 in the principal amount of $251,922. *Id.* CitiMortgage's loan payment history shows receipt on June 11, 2007 of debtors' second payment due on the loan on May 1, 2007. *Id.*

At loan origination, Homeland Capital Mortgage executed a blank indorsement on the Note. *Supp. Affid. ¶ 3, Exhibit C.* The loan closing agent was Pioneer Title, as shown by the HUD 1 Settlement Statement for the loan. *Supp. Affid. ¶ 4, Exhibit D.* When the Debtors executed the Note and Mortgage, the original documents were considered as held by Pioneer Title as custodian for Homeland Capital Mortgage and CitiMortgage as transferee and primary funder of the loan. *Id.*

On or about March 15, 2007, the mortgage recording date, the original Note with blank indorsement and recorded Mortgage were transferred by Homeland to the direct custody of CitiMortgage. *Supp. Affid. ¶ 5, Exhibit E.* CitiMortgage has held a full beneficial interest in the mortgage loan since the date of funding on March 26, 2007. *Supp. Affid. ¶ 6.*

### C. Ownership through possession of the original Note.

In the case of *In re Cook*, 457 F.3d 561 (C.A. 6 Ky. 2006) the U.S. District Court, E.D. Kentucky reviewed this Trustee's appeal of this Court's Order in *In re Cook, J. James Rogan, Trustee v. Bank One National Association*, Civil Action No. 05-2-KSF, Sept 15, 2005. In affirming this Court's decision, the Court of Appeals explained the following principles regarding transfer of a note.

A note is negotiated by special indorsement from one creditor to another or by blank indorsement. A blank indorsement converts the note into bearer paper that may be negotiated by transfer of possession alone. K.R.S. 355.3-104; KRS 355.3-205(2). Here, Homeland Capital Mortgage executed a blank indorsement on the Note.

"Under Kentucky law, an assignment of note "necessarily carries with it an assignment of the indemnifying mortgage." *In re Cook*, citing *Napier v. Duff*, 26 S.W. 2d 1083 (Ky. 1939); *Drinkard v. George* 237 Ky. 560, 36 S.W.2d 56 (Ky. App. 1930) [Assignment of notes secured by mortgage operated as equitable assignment of mortgage.]; *Securities Inv. Co. of St. Louis v. Harrod Bros.* 225 Ky. 12, 7 S.W.2d 492 (Ky. App. 1928). When a note is sold, the security interest incident to the note is perfected upon attachment. KRS 355.9-309(4). A failure to "record an assignment of the mortgage does not affect perfection of the lien against mortgagors and those claiming through them." *In re Cook*, p. 2

In this case, as of February 23, 2007, Homeland Capital Mortgage executed a blank indorsement on the Note. CitiMortgage acquired possession of the original loan documents initially held by the title agent on its behalf then

8

transferred by Homeland Capital Mortgage to the direct custody of CitiMortgage upon its funding of the loan on March 26, 2007. CitiMortgage is the holder entitled to enforce the Note. KRS 355.1-201(20), 355.301. As the Mortgage is incident to the Note, CitiMortgage also holds the Mortgage.

### D. Although unnecessary to ownership of the loan, the Assignment of Mortgage is valid.

The purpose of the Assignment of Mortgage document was to transfer MERS' (as nominee's) bare legal title to the Mortgage to CitiMortgage, Inc. for recordation purposes. The reference to the Note in the Assignment identifies the Mortgage as securing the Note. The Assignment of Mortgage document does not transfer beneficial ownership of the Note.

As MERS explained in its responses to Plaintiff's discovery, under the Preferred Provider Service Agreement, certain officers and employees of Orion Financial Group were authorized to execute assignments on behalf of MERS.[2] *See Affidavit of MERS attached as EXHIBIT II ["MERS Affid."]* ¶ 2 Exhibit 2. Although D.M. Wileman executed the Assignment of Mortgage on behalf of MERS, she was inadvertently left off the list of officers authorized to execute MERS documents.[3]  *MERS Affid.* ¶ 3.

MERS intended to execute and perform on the Assignment of Mortgage transferring legal title to the Mortgage to CitiMortgage, Inc. MERS has ratified

---

[2] The agreement is with MERSCORP, INC. the parent company of MERS and applies to MERS.
[3] On pages 4 and 5 of the Trustee's Motion, MERS response to Interrogatory #12 is unclear because the response is not set off in quotations and runs into the text of the Motion. The response ended with "***Although D.M. Wileman is a vice president of Orion, she is not on the list of authorized signers referenced in the Agreement." The response did not include the additional language immediately following in the Trustee's Motion starting with The Preferred Provider Service Agreement....

the signature of D.M. Wileman on the Assignment of Mortgage which is considered as having been done with the authority and consent of MERS. *MERS Affid.* ¶ 3  CitiMortgage intended to be bound by and perform on the Assignment of Mortgage. *Supp. Affid.* ¶ 7.  CitiMortgage accepted legal title to the Mortgage from MERS. *Id.*  Both MERS and CitiMortgage agree to the validity of the Assignment.

### IV. The record contains CitiMortgage's status as a secured creditor and holder of the mortgage loan.

In debtor's Chapter 7 and schedules, they identified CitiMortgage as holder of the mortgage loan and a secured creditor.  CitiMortgage's Motion for Relief from Stay refers to its lien on the subject property and its secured claim.  The Motion for Relief from Stay explains that the Mortgage lien was perfected when the mortgage was filed, and that the mortgage was assigned of record from MERS solely as nominee, to CitiMortgage.  CitiMortgage's Proof of Claim identifies CitiMortgage as a secured creditor.  The record contains numerous representations by debtors and CitiMortgage that CitiMortgage is the holder of the mortgage loan.

After failing to acknowledge that possession of the original Note is proof of ownership of the Note as well as the Mortgage, the Trustee now argues that CitiMortgage was required to describe its possession of the original Note in its Chapter 7 filings.  The Trustee claims that failure to do so is an alleged judicial admission that CitiMortgage does not own the loan.  In support of this position, the Trustee cites *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815 (6th

10

Cir. 2000) in which the Court defined judicial admissions as "formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id. at 829.* The term was defined in the context of a tort action in which factual allegations in the complaint were read to the jury and treated as admitted facts. At all times, CitiMortgage has asserted that it owns and holds the mortgage loan. There has been no judicial admission described by the Trustee, and CitiMortgage has proven its standing as the secured creditor.

For the foregoing reasons, there being no genuine issue of material fact, this Court must deny the Trustee's Motion for Summary Judgment and grant the Motion for Summary Judgment of Defendants CitiMortgage, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS, Inc.), *solely as nominee for Homeland Capital Mortgage [its successors and assigns]* as a matter of law.

    Respectfully submitted,

    /s/ Pamela S. Petas
    Pamela S. Petas (84647)
    Manley Deas Kochalski PLLC
    Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Summary Judgment with supporting Affidavit was sent to the following via ECF/CM or by regular U.S. mail, postage prepaid on March 1, 2010:

J. James Rogan, PSC
Attorney for J. James Rogan, Trustee
345 South Fourth Street
Danville, KY  40422
jattorney@bellsouth.net

John M. Simms
Attorney for Debtors
1608 Harrodsburg Rd.
Lexington, KY  40504
jsm@ask-law.com

John L. Daugherty
Assistant U.S. Trustee
100 East Vine Street
Lexington, KY  40507

The below listed parties were served via regular U.S. Mail postage prepaid on March 1 2010:

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
345 Bob O Linky Dr.
Lexington, KY  40503

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
2420 Parterre Place
Lexington, KY  40504

      /s/   Pamela S. Petas
Pamela S. Petas (84647)