UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

In Re:                                  Case No. 09-50922

Byron Jessup                            Chapter 7
Wanda Jessup
                                        Judge William S. Howard
        Debtors


J. James Rogan, Trustee                 PLAINTIFF


v.
                                        ADV. NO. 09-5229
CitiMortgage, Inc.

Mortgage Electronic Registration Systems, Inc. (MERS),
*solely as nominee for Homeland Capital Mortgage*     DEFENDANTS


## AFFIDAVIT OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**STATE OF VIRGINIA**         )
                              ) SS
**COUNTY OF** Fairfax         )

Affiant, William C. Hultman, being first duly sworn, states as follows:

1.  That I am Secretary of Defendant Mortgage Electronic Registration Systems, Inc. ["MERS"] and am duly authorized to make this Affidavit and represent that I have personal knowledge of the matter contained herein;

EXHIBIT II

2. That on February 23, 2007, the date the subject mortgage was signed by the Debtors, the Orion Financial Group, Inc., was vested by virtue of the MERS Preferred Service Provider Agreement attached hereto as Exhibit 2 with the authority to execute Mortgage Assignments on behalf of MERS; that the MERS Preferred Service Provider Agreement attached as Exhiibit 2 is a true and accurate copy of the original;

3. That the signature of D.M. Wileman on the Assignment of Mortgage attached hereto as Exhibit 3 is ratified by MERS as having been done with the authority and consent of MERS.

Further Affiant Sayeth Naught.

_____
William C. Hultman

Sworn to and subscribed in my presence this 1st day of March 2010.

_____
NOTARY PUBLIC



Brandie Hollinger Peeples
Commonwealth of Virginia
Notary Public
Commission No. 7185949
My Commission Expires 05/31/2012

## MERS Preferred Service Provider Agreement

This Agreement is between **ORION FINANCIAL GROUP, INC.** (the Service Provider) and MERSCORP, INC (MERS).

The purpose of this agreement (this "Agreement") is to establish that the above-named Service Provider agrees to meet and comply with the requirements for attaining the status as a MERS Preferred Service Provider ("the Provider").

1. The term of this Agreement shall be on a yearly basis running on a calendar year starting in January and will be automatically renewed unless either party provides at least thirty (30) days written notice to the other party of its desire to terminate this Agreement. However, if the Provider fails to perform any of its responsibilities under this Agreement to MERS satisfaction, MERS in its sole discretion, may terminate the Provider's Preferred Status at any time, and this Agreement shall then be null and void except as specifically stated otherwise.

2. In addition to the standards and requirements set forth in this Agreement, the MERS Requirements for Preferred Service Providers is incorporated herein by reference.

3. The Provider shall indemnify and hold MERS, its officers, directors, employees, agents and any affiliate of MERS ("Indemnified Parties"), harmless from and against any and all claims, losses, penalties, fines, forfeitures, reasonable legal fees and related costs, judgments, and any other costs, fees and expenses incurred from the negligence, errors and omissions, breach of confidentiality or willful misconduct of the Provider or any employee, director, officer, agent or any other party acting on behalf of the Provider. This provision shall survive the termination of this Agreement.

4. The Provider shall comply with the MERS guidelines of standards and time frames for the processing of assignments and lien releases as set forth in Attachment B of the Requirements for MERS Preferred Service Providers headings, "Assignment-Specific Standards for Newly Originated Loans," "Assignment-Specific Standards for Bulk Registered Seasoned Loans" and "Lien Release -Specific Standards" subject only to the exceptions listed therein.

5. The Provider shall have Errors and Omissions insurance and Fidelity Bond insurance coverage in the amount of $1 million each to protect itself, MERS and MERS Members from incurring any financial liabilities caused by any error or omission, or dishonest act, made by any of the Provider's officers, employees, directors, agents or any other party acting on behalf of the Provider. Upon request, the Provider shall supply to MERS evidence of the applicable insurance.

6. To facilitate the recording of documents, MERS will pass a Corporate Resolution to enable an officer and/or other authorized employee(s) of the Provider to



EXHIBIT 2

sign assignments and lien release documents as an officer of MERS while the Provider is a MERS Preferred Service Provider. The Provider agrees to submit a list of authorized employees to MERS and will keep the list current. The Provider shall maintain an insurance policy covering that officer and/or employee to protect itself, MERS and MERS Members from liability caused by the Provider's officer/employee using MERS signing powers in an erroneous or unlawful manner.

7. Upon request from MERS. the Provider shall supply to MERS, on a semi-annual basis, reports that include information on state-imposed time frames for the receipt and recording of documents in the respective states in which the Provider records documents. The reports shall also include the average time it takes for each jurisdiction that the Provider deals with to record documents. The Provider shall maintain a county recordation requirements database that is based on a county level for all counties in which the Provider records documents. The Provider must capture each recorder's exact requirements so that all documents to be recorded meet recorders' requirements.

8. The Provider shall meet or exceed the lien release standards as may be mandated by the various jurisdictions in which the Provider records documents.

9. MERS will randomly select loans and request the Provider to do a Quality Assurance review. The Provider shall perform the necessary research and send a report to MERS on its findings on a maximum of 250 Quality Assurance reviews on loans per year at no charge to MERS.

10. Upon request, when the Provider is performing work directly for MERS, the Provider shall make available to MERS the reports that are specified in the Requirements for MERS Service Providers.

11. This Agreement shall be governed by and construed in accordance with the law of the Commonwealth of Virginia, without regard to the conflict of laws provision thereof.

12 This Agreement constitutes the entire agreement between the parties with respect to the subject matter contained in this Agreement. No change, waiver or discharge hereof shall be valid unless in writing.

IN WITNESS WHEREOF, the Parties have executed this Agreement on _Jan_ _9_, 2000.

By: _[signature]_

Printed Name: _W. H. Wileman_

MERSCORP, INC.

By: _[signature]_

Printed Name: _Dan McLaughlin_

BOOK  457  PAGE  303

Return To:   Vickie Guilford
Manley Deas Kochalski PLLC
4665 Cornell Road, Suite 331
Cincinnati, OH 45241

## Assignment of Mortgage     Send Any Notices to Assignee.

For Valuable Consideration, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE G4318 Miller Road, Flint, MI 48507 (Assignor) by these presents does assign and set over, without recourse, to CITIMORTGAGE, INC. 1111 Northpoint Drive, Building 4, Suite 100, Coppell, TX 75019 (Assignee) the described mortgage, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by BYRON LEE JESSUP AND WANDA F. JESSUP, HUSBAND AND WIFE to HOMELAND CAPITAL MORTGAGE.   Said mortgage Dated: 2/23/2007 is recorded in the State of KY, County of Fayette on 3/15/2007, Book 6016 Page 32 AMOUNT: $ 252,000.00    Property Address: 2420 PARTERRE PLACE, LEXINGTON, KUY 40504

IN WITNESS WHEREOF, the undersigned corporation has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: January 28, 2008

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE

By: _____
D. M. Wileman, Authorized Signator

JESSUP   YMG  *02131308*

State of Texas County of Tarrant
On 1/28/2008, before me, the undersigned, D. M. Wileman, who acknowledged that he/she is Authorized Signator for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") SOLELY AS NOMINEE FOR HOMELAND CAPITAL MORTGAGE.



JULIE BACON
Notary Public, State of Texas
My Commission Expires
November 30, 2010

Notary public, Julie Bacon
My commission expires: November 30, 2010

Prepared by:   Laura L. Drake (KBA 88288)
Manley Deas Kochalski PLLC
4665 Cornell Road, Suite 331
Cincinnati, OH 45241

MERS Phone 888-679-6377
LAURA KELLER
CITIFIP/MANDEAS/CITI

EXHIBIT 3

EXHIBIT A

The following described property located in Fayette County, Kentucky, to-wit:

Being all of Lot 4 of Parterre Place Subdivision, Lexington, Fayette County, Kentucky, as shown by plat thereof of record in Plat Cabinet F, Slide 342, in the Fayette County Court Clerk's Office, said property being otherwise known as 2420 Parterre Place.

Subject to any restrictions and easements of record in the aforesaid Clerk's Office affecting the subject property.

Being the same property conveyed to Byron Lee Jessup and Wanda F. Jessup, husband and wife, by virtue of a deed from Parterre, Inc., dated July 8, 1986, filed July 9, 1986, recorded in Deed Book 1409, Page 15, County Clerk's Office, Fayette County, Kentucky.

Parcel Number: 20037540

Address: 2420 Parterre Place, Lexington, Kentucky 40504

G:\Cases - TM\08-03259\tic-080123-SES.wpd

**MISCELLANEOUS BOOK   457  PAGE  305**

I, Donald W Blevins, County Court Clerk of Fayette County, Kentucky, hereby certify that the foregoing instrument has been duly recorded in my office.

*Donald W Blevins*

By:          HALLIE WOOSLEY   , dc

200802120237

February 12, 2008              9:15:01     AM

Fees          $13.00     Tax          $.00

Total Paid          $13.00

THIS IS THE LAST PAGE OF THE DOCUMENT

3    Pages

303   -   305