UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| IN RE:<br>BYRON JESSUP<br>WANDA JESSUP<br>Debtors | Case No. 09-50922 |
| J. JAMES ROGAN, TRUSTEE | PLAINTIFF |
| V. | Adv. No. 09-5229 |
| CITIMORTGAGE, INC. | DEFENDANTS |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., ("MERS") solely<br>as nominee for Homeland Capital Mortgage | |

**PLAINTIFF'S REPLY TO MEMORANDUM OF DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I. <u>There is no genuine issue of material fact that Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) has failed to produce evidence that Lender, Homeland Capital Mortgage appointed MERS as its nominee to act as mortgagee for the February 23, 2007 mortgage executed by debtors.</u>

The Trustee argued in his motion for summary judgment and in his memorandum in opposition to Defendants' motion for summary judgment that the record is void of a written document from Homeland Capital Mortgage appointing MERS as its nominee to act as mortgagee. Defendants responded to this argument but still omitted to introduce into evidence documentary proof of a written nomination of MERS to act as mortgagee. Defendants argue that "The Mortgage instrument itself appoints MERS solely as nominee

for lender, Homeland Capital Mortgage, its successors and assigns as mortgagee and holder of legal title to the mortgage in that capacity." Defendants ignore the fact that Lender, Homeland Capital Mortgage did not execute the mortgage. The appointment to act as its nominee must emanate from Homeland Capital Mortgage, the principal, not from the Debtors, Cincinnati Insurance Company v. Clary, Ky. App., 435 S.W.2d 88, 89 (1968). The mortgage instrument executed by Debtors contained no language that Lender, Homeland Capital Mortgage authorized Debtors to act on the behalf of Homeland Capital Mortgage to appoint MERS as nominee for Homeland Capital Mortgage.

A bankruptcy trustee acquires the status of a hypothetical judgment lien creditor who is deemed to have perfected his interest as of the date of the filing of the bankruptcy petition, In re Ritchie, 416 B.R. 638, 643 (6TH Cir. BAP 2009). The Trustee submits that the recorded mortgage relied upon by Defendant CitiMortgage, Inc. to repay the February 23, 2007 note is inferior to the perfected lien of a bankruptcy trustee as a judicial lien creditor pursuant to 11 U.S.C. section 544(a)(1), see also In re Zaptocky, 250 F.3d 1020 (6th Cir. 2001). The security for repayment of the note is contingent upon the validity of the mortgage. The Trustee submits that a mortgage without a properly appointed mortgagee is invalid, and does not enjoy priority over the interest of the Trustee who acquired a perfected lien on February 23, 2007. While the undersigned counsel for Trustee is unaware at the present time of a bankruptcy case where a mortgage lacks a mortgagee, this Court has previously ruled that when a mortgage fails to identify the name of a mortgagor in the body of the mortgage, then the bankruptcy trustee can avoid

the mortgage as a judicial lien creditor, In re Padgitt, 2008 WL 4191517 (Bkrtcy.E.D.Ky. 2008)

MERS also failed to act with diligence in regard to producing an actual nomination by Lender, Homeland Capital Mortgage documenting its appointment as nominee. Citing a number of cases, the Kentucky Supreme Court in The Title House, Inc. v. The Cumberland Federal Savings Bank, 942 S.W.2d 904, 906 (1997) restated the necessity of an entity to protect its own interest as follows:

> Akers also ruled that as between innocent parties "he must suffer, who by his acts or laches, has made a loss possible." Akers also cited Louisville Asphalt Company v. Cobb, which stated that "… equity aids one who has been vigilant and will refuse relief to one who has been dilatory … or who has slept on his right."

The lack of attention to detail by MERS is the cause for this adversary proceeding. CitiMortgage, Inc. should be suing MERS for its failure to insure that the mortgage was valid so that it would take priority over subsequent lien creditors.

There is one final issue as to whether CitiMortgage, Inc. has an equitable interest in the mortgage as advanced by Defendants in their response to the Trustee's motion for summary judgment. If in fact, CitiMortgage, Inc. enjoys an equitable interest in the real estate; such interest cannot prevail against the judgment lien of a bankruptcy trustee. "Equitable liens are treated with disfavor under bankruptcy law and cannot survive attack by a Chapter 7 Trustee because by definition an equitable lien is unperfected," In re Gibson, 395 B.R. 49, 58 (S.D. Ohio 2008).

II. MERS lacked authority to execute an assignment of the mortgage to CitiMortgage, Inc.

Not only did MERS fail to insure that it was properly appointed as mortgagee, but

it also failed to produce evidence that MERS nominated D. M Wileman as an "Authorized Signator" of MERS to execute the assignment of mortgage from MERS to Defendant CitiMortgage, Inc. MERS attempted to remedy this defect by submitting an affidavit from William C. Huffman, Secretary of MERS. Huffman stated that MERS ratifies the acts of D. M. Wileman. However, the "MERS Preferred Service Provider Agreement attached to Huffman's affidavit at paragraph 6 requires a Corporate Resolution by MERS to enable an officer or authorized employee of Orion Financial Group, Inc. to sign assignments and lien releases. MERS has not submitted the required corporate resolution naming D. M. Wileman as an authorized signator. If such resolution actually exists, then it could only be amended by a second act of the board of directors, and not be a statement of the secretary of MERS. Nor has MERS submitted proof that that D. M. Wileman was an officer or authorized employee of Orion Financial Group, Inc. to sign assignments as required by paragraph 6 of the agreement attached to Huffman's affidavit.

For the foregoing reasons, Plaintiff respectfully requests that the motion for summary of Defendants be denied.

Respectfully submitted.

/s/ J. James Rogan_____________
J. James Rogan, P.S.C., Attorney for
J. James Rogan, Trustee
345 South Fourth Street
Danville, Kentucky 40422
(859) 236-8121

Certificate of Service:

This is to certify that a copy of the foregoing motion was served electronically on March 8, 2010, to the following:

Pamela S. Petas

Manley Deas Kochalski PLLC
P. O. Box 42728
Cincinnati, Ohio 45242-0728

/s/ J. James Rogan
J. James Rogan