UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:
BYRON JESSUP
WANDA JESSUP                                             Case No. 09-50922
Debtors

J. JAMES ROGAN, TRUSTEE                                  PLAINTIFF

V.                                                       Adv. No. 09-5229

CITIMORTGAGE, INC.                                       DEFENDANTS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., ("MERS") solely
as nominee for Homeland Capital Mortgage

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO
MEMORANDUM OF DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.   <u>There is no genuine issue of material fact that the mortgage dated February 27, 2007 naming Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) as mortgagee acting solely as nominee for Lender, Homeland Capital Mortgage is unenforceable.</u>

Since the filing of Plaintiff's response memorandum (Docket #31), Plaintiff's counsel has found cases that involve whether mortgages that name MERS as mortgagee, acting solely as nominee for the lender, can be enforced without the lender granting MERS authorization to act. In the case of <u>Bellistri v. Ocwen Loan Servicing, LLC,</u> 284 S.W.3d 619, 623 -624 (MO. Ct. App. 2009), BNC Mortgage, Inc. was the lender and payee of the note. MERS was named in the deed of trust (mortgage) as beneficiary solely

1

as the nominee of BNC Mortgage, Inc.  The promissory note did not make reference to MERS.   MERS as nominee for BNC Mortgage, Inc. assigned the deed of trust and any and all notes described in the deed of trust to Ocwen Loan Servicing, LLC. Regarding the absence of authority by MERS to act for the lender, the court held as follows:

> The record reflects that BNC was the holder of the promissory note. There is no evidence in the record or pleadings that MERS held the promissory note or that BNC ***624** gave MERS the authority to transfer the promissory note. MERS could not transfer the promissory note; therefore the language in the assignment of the deed of trust purporting to transfer the promissory note is ineffective.

The court held that "The mortgage loan became ineffectual when the note holder did not also hold the deed of trust", Id. at 623.  The lack of authority for MERS to act was also involved in the bankruptcy case of In Re Wilhelm, 407 B.R. 392, 404 (Bankr. ID 2009). Citing Bellistri the bankruptcy court held as follows:

> Movants seem to presume that the assignments, standing alone, entitle them to enforce the underlying notes.  Such a presumption is unfounded, however, because Movants have not established MERS's authority to transfer the notes at issue.

The trustee submits that the reasoning of the courts in Bellistri and Wilhelm is applicable to the facts before the court in this adversary proceeding.  MERS has not produced authority to act as mortgagee from its principal, Lender Homeland Capital Mortgage. Nor has MERS produced authority from Homeland Capital Mortgage to assign the February 23, 2007 mortgage together with the note described in the mortgage to Defendant CitiMortgage, Inc.  While the courts in Bellistri and Wilhelm found assignments of notes to be invalid because MERS lacked authority to execute the assignments, the mortgage in the case at bar should be declared unenforceable as the

record is void of proof of the requisite authority of MERS to act as mortgagee and also to assign the mortgage and note to Defendant CitiMortgage, Inc..

Respectfully submitted.

/s/ J. James Rogan\
J. James Rogan, P.S.C., Attorney for\
J. James Rogan, Trustee\
345 South Fourth Street\
Danville, Kentucky 40422\
(859) 236-8121

Certificate of Service:

This is to certify that a copy of the foregoing memorandum was served electronically on May 26, 2010, to the following:

Pamela S. Petas\
Manley Deas Kochalski PLLC\
P. O. Box 42728\
Cincinnati, Ohio 45242-0728

/s/ J. James Rogan\
J. James Rogan