**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

In Re:                                                    Case No.  09-50922

Byron Jessup                                        Chapter 7
Wanda Jessup
                                                          Judge William S. Howard
          Debtors


J. James Rogan, Trustee                              PLAINTIFF


v.
                                                          **ADV. NO. 09-5229**
CitiMortgage, Inc.

Mortgage Electronic Registration Systems, Inc. (MERS),
*solely as nominee for Homeland Capital Mortgage*        DEFENDANTS


**MEMORANDUM OF DEFENDANTS CITIMORTGAGE, INC. AND MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR
HOMELAND CAPITAL MORTGAGE IN RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM [Doc #37]**


Now come Defendants CitiMortgage, Inc. [Citimortgage] and Mortgage
Electronic Registration Systems, Inc. [MERS], *solely as nominee for Homeland
Capital Mortgage [its successors and assigns]*   and  submit  the  following
Memorandum  in  response  to  Plaintiff's  Supplemental  Memorandum  to

Memorandum of Defendants in Opposition to Plaintiff's Motion for Summary
Judgment. [Doc. #37].

## MEMORANDUM

As shown by the parties' cross Motions for Summary Judgment and
related briefs, Plaintiff challenges whether CitiMortgage is the holder with
standing to enforce the mortgage debt.  The sole basis for Plaintiff's challenge is
the argument that the Assignment of Mortgage from MERS is insufficient to
transfer ownership of the mortgage to CitiMortgage.  This Court has made it clear
that the assignment of mortgage alone does not determine whether a mortgagee
has standing to enforce the mortgage debt.  A mortgagee in possession of the
note with indorsement is also the holder of the mortgage entitled to enforce the
mortgage debt, whether or not an assignment is executed or recorded.

Plaintiff offers two additional cases in an effort to support his challenge to
CitiMortgage's status as holder of the mortgage.  Neither case supports Plaintiff's
position.  In *Bellistri v. Ocwen Loan Servicing, Inc.*, 284 S.W.3d 619,
(Mo.App.E.D. 2009), the Court acknowledged that "[w]hen the holder of the
promissory note assigns or transfers the note, the deed of trust is also
transferred." *Id. (citation omitted).*  The Court simply found that the Assignment
of deed of trust from MERS was not sufficient to transfer the note to Ocwen
because MERS never held the note.  There was no evidence of whether the note
was ever transferred to Ocwen.

In *In re Wilhelm*, 407 B.R. 392 (Bkrtcy.D.Idaho 2009), the standing of
several mortgagees (assignees) to file motions for relief from stay was

2

challenged.  Various promissory notes had been filed in support of the motions, but none of the notes contained indorsements.  The mortgagees did not provide any evidence of when or if they acquired possession of the notes.   The Court noted that [t]o be the 'holder' of an instrument, one must possess the note *and* the note must be payable to the person in possession of the note, or to bearer."  *Id. (citing Idaho state law).*   The Court found that the mortgagees had not provided any evidence that they were in possession of the notes with proper indorsements.   The assignments of mortgage from MERS, Inc. as nominee, alone, were insufficient to prove the mortgagees' status as holders of the notes.

Here, CitiMortgage has attested to possession of the original Note with blank indorsement.  The mortgage follows the Note.  Plaintiff's reliance on case law is once again misplaced.  This Court must grant the Motion for Summary Judgment of Defendants Citimortgage and MERS.

Respectfully submitted,


  __/s/  Pamela S. Petas_____
Pamela S. Petas (84647)
Manley Deas Kochalski PLLC
P.O. Box 42728
Cincinnati, OH  45242
Phone & Fax (513) 618-6234
psp@mdk-llc.com
Attorney for Defendants
CitiMortgage, Inc. and Mortgage
Electronic Registration Systems, Inc.
(MERS), solely as nominee for
Homeland Capital Mortgage [its
successors and assigns]

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum was sent to the following via ECF/CM or by regular U.S. mail, postage prepaid on May 28, 2010:

J. James Rogan, PSC
Attorney for J. James Rogan, Trustee
345 South Fourth Street
Danville, KY  40422
jattorney@bellsouth.net

John M. Simms
Attorney for Debtors
1608 Harrodsburg Rd.
Lexington, KY  40504
jsm@ask-law.com

John L. Daugherty
Assistant U.S. Trustee
100 East Vine Street
Lexington, KY 40507

The below listed parties were served via regular U.S. Mail postage prepaid on May 28, 2010:

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
345 Bob O Linky Dr.
Lexington, KY  40503

Byron Jessup aka Byron Lee Jessup
Wanda Jessup aka Wanda F. Jessup
2420 Parterre Place
Lexington, KY  40504

_\_/s/\_  Pamela S. Petas_____
Pamela S. Petas (84647)