UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

BYRON JESSUP
WANDA JESSUP

DEBTORS                                                      CASE NO. 09-50922


J. JAMES ROGAN, TRUSTEE                                      PLAINTIFF


VS.                                                          ADV. NO. 09-5229


CITIMORTGAGE, INC; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS), solely as
nominee for Homeland Capital
Mortgage                                                     DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on cross-Motions for Summary Judgment by the Plaintiff and the Defendants.  The Plaintiff seeks to avoid the mortgage lien of the Defendants pursuant to the provisions of Bankruptcy Code section 544 which affords him his "strong-arm" powers.  The issue before the court is whether the Plaintiff has established any basis to challenge the Defendants' timely and properly perfected mortgage by requiring creditors to offer extrinsic evidence unrelated to the facial validity or perfection of the Mortgage. This court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b); it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

For the reasons set out below, the court will grant the Defendants' Motion for Summary Judgment and deny the Plaintiff's Motion for Summary Judgment.  The following constitutes findings of

1

fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

1. <u>Factual and procedural background</u>

The undisputed facts are as follows: On February 23, 2007, the Debtors granted a mortgage (the "Mortgage") to Defendant MERS, acting solely as nominee for Homeland Capital Mortgage (the "Lender"), to secure repayment of a note with blank indorsement (the "Note") dated February 23, 2007 in the principal amount of $252,000.00. The Mortgage encumbering property located at 2420 Parterre Place, Lexington, Fayette County, Kentucky (the "Property") was filed in the Fayette County Clerk's office on March 15, 2007. The Mortgage identifies the mortgagee as MERS solely as nominee for the Lender. On the same date, the Note with blank indorsement was transferred to Defendant CitiMortgage, Inc. ("CitiMortgage"). About a year later, on January 28, 2008, MERS, "solely as nominee and through its authorized signatory", executed an Assignment of Mortgage (the "Assignment") to CitiMortgage which was filed in the Fayette County Clerk's office on February 12, 2008.

Debtors' Chapter 7 case was filed on March 27, 2009. The Plaintiff/Trustee filed his Complaint to Determine Validity, Extent and Priority of Liens and for Sale of Real Property on September 21, 2009. The Complaint alleges that Citimortgage does not have possession of the Note and is not entitled to enforce payment of it by sale of the real property. The Complaint further alleges that the Note was neither assigned to MERS nor is it in the possession of MERS, thus MERS was incapable of either assigning the Note or transferring possession of the Note to CitiMortgage. The Plaintiff states that as a judicial lien creditor by virtue of his strong arm powers under

2

Bankruptcy Code section 544(a)(1), his interest in the property is superior to any interest of the Defendants. Timely cross-Motions for Summary Judgment were filed and fully briefed. The Motions were heard on June 3, 2010 and taken under submission for decision.

    2.   <u>Discussion</u>

        a.   <u>The summary judgment standard</u>

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to

> any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Novak v. MetroHealth Medical Center*, 503 F.3d 572, 577 (6th Cir. 2007) (internal quotations removed).

    b.   <u>Section 544(a)(1)</u>

The Plaintiff maintains that his interest in the subject property is superior to that of the Defendants by virtue of his acquiring the status of a judicial lien creditor under section 544(a)(1) as of the commencement of the Debtors' case. That section provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

11 U.S.C. § 544(a)(1). The Plaintiff has three bases for his contention that he may avoid the Mortgage as invalid: (1) there is no evidence that the Lender appointed MERS as nominee; consequently there is no valid mortgagee named in the Mortgage; (2) MERS lacked authority to execute an assignment of the mortgage to CitiMortgage; and (3) CitiMortgage does not have possession of the Note.

    i.   <u>Whether MERS was appointed as nominee</u>

The Mortgage provides in part as follows under the heading "DEFINITIONS":

> (C) 'MERS' is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument.

The Mortgage further provides in part under the heading "TRANSFER OF RIGHTS IN THE PROPERTY":

> This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property . . .
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests . . .

Despite the presence of this language, the Plaintiff insists that it is insufficient, and that the Mortgage is invalid because the Lender has not provided documentary proof of a written nomination of MERS to act as a mortgagee, and did not execute the Mortgage.  The Plaintiff provides no legal authority for his contention that execution by a mortgagee is required.  Further, he has not alleged any defect in the mortgage that prevents him from having constructive notice of its contents.  In short, the Trustee's attempt to require extrinsic evidence to validate the terms of a mortgage is without merit.

As to MERS's status as a nominee, the court finds that the language in the Lender's own instrument is sufficient to identify MERS

as such.[1]

      ii. <u>MERS' authority to execute the mortgage assignment</u>

The Plaintiff's second argument is that MERS lacked authority to execute an assignment of the mortgage to CitiMortgage. He states that MERS failed to produce evidence that MERS nominated D.M. Wileman as an "Authorized Signator" of MERS to execute the assignment.[2] Mr. Hultman's affidavit, referenced above, states "[t]hat the signature of D.M. Wileman on the Assignment of Mortgage . . . is ratified by MERS as having been done with the authority and consent of MERS." (Hultman Aff.) The MERS Preferred Service Provider Agreement attached to the Hultman affidavit provides at ¶ 6:

> To facilitate the recording of documents, MERS will pass a Corporate Resolution to enable an officer and/or other authorized employee(s) of the Provider to sign assignments and lien release documents as an officer of MERS while the Provider is a MERS Preferred Service Provider. The Provider agrees to submit a list of authorized employees of MERS and will keep the list current.

The Plaintiff maintains that Mr. Hultman's ratification of D.M. Wileman's signature is without effect absent such a corporate resolution. The Plaintiff offers no authority for this position, and Mr. Hultman's ratification in his sworn affidavit is sufficient to establish MERS's authority to execute the Assignment.

---

[1] Further, the Defendants have tendered the Affidavit of William C. Hultman, Secretary of MERS (attachment to Doc. #32), in which Mr. Hultman confirms that for MERS members, MERS serves as the mortgagee of record with respect to their mortgage loans solely as nominee, states that Homeland Capital Mortgage was a MERS member on February 23, 2007. He further states that with respect to the subject Mortgage, MERS was named as the mortgagee of record as nominee for the Lender, that the Lender subsequently transferred the Note secured by the Mortgage to CitiMortgage, Inc. in 2007, and that MERS remained the mortgagee of record, as nominee for CitiMortgage.

[2] According to information provided by the Defendants, D.M. Wileman is an employee of Orion Financial Group, an entity with certain officers and employees authorized under the Preferred Provider Service Agreement to execute assignments on behalf of MERS. According to the Defendants, Ms. Wileman was inadvertently left off the list of officers authorized to execute MERS documents.

iii. <u>CitiMortgage's possession of the Note</u>

Finally, the Plaintiff contends that CitiMortgage does not have possession of the Note, and states that CitiMortgage's failure to state in its motion for relief filed in the Debtors' case that it was in possession of the Note is a "judicial admission" of the same. The Defendants counter that CitiMortgage's motion for relief refers to its lien on the subject property and its secured claim, among the numerous representations by the Debtors and CitiMortgage that it is the holder of the Mortgage. Further, the Defendants cite *In re Cook*, 457 F.3d 561 (6th Cir. 2006) in which the court explained that a note is a negotiable instrument under KRS 355.3-104 and is self-authenticating evidence under Fed. R. Evid. 902(9).

A note is negotiated by special indorsement from one creditor to another or by blank indorsement. A blank indorsement converts the note into bearer paper that may be negotiated by transfer of possession alone. KRS 355.3-205(2). When a note is sold, the security interest incident to the note is perfected upon attachment. KRS 355.9-309(4). In this case, the Lender transferred the original Note with blank indorsement to CitiMortgage in February 2007 per the affidavit of Eric Roso, a bankruptcy specialist with CitiMortgage (Custodian's Affidavit of CitiMortgage, Inc.). Since CitiMortgage has physical possession of the Note payable to bearer, it is the holder entitled to enforce it.

All the theories advanced by the Plaintiff as to the alleged invalidity of the Mortgage or possession of the Note have been countered by the Defendants with affidavits and convincing citations to statutory and case authority. The court notes that as a general matter, the Plaintiff's complaint seeks to impose proof requirements

on a creditor holding an otherwise facially valid mortgage of which he has constructive notice. The Plaintiff cannot overcome the fact that the Mortgage under consideration here was properly perfected outside the time period when he might challenge its perfection, and he has not met his burden of establishing that he is entitled to judgment as a matter of law on any other theory.

This Memorandum Opinion includes the court's findings of fact and conclusions of law. By separate Order, the Plaintiff's Motion for Summary Judgment shall be denied, and the Defendants' Motion for Summary Judgment shall be granted.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Thursday, July 22, 2010
(tnw)**